**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| FG HOLDINGS IRREVOCABLE TRUST, by and through its Trustee, MARKARABEE FIELDS, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CV426-016 |
| | ) | |
| MR. COOPER d/b/a NATIONSTAR MORTGAGE LLC, RUBIN LUBLIN LLC, | ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

*Pro se* litigant Markarabee Fields, purportedly in his capacity as Trustee of the FG Holdings Irrevocable Trust, originally filed a Complaint to Quiet Title against Defendants in the Superior Court of Chatham County, Georgia. *See* doc. 1-1. He then filed an Amended Bill of Complaint in Equity to Quiet Title, for Accounting, Cancellation of Instruments, and Injunction ("Amended Pleading"), again appearing as "Trustee for the FG Holdings Irrevocable Trust," doc. 1-2 at 1, which

1

Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Mr. Cooper")[1] removed based on the Amended Pleading's assertion of claims under the Truth in Lending Act, 15 U.S.C. §§ 1638 & 1641(g) ("TILA") and the Fair Debt Collection Act, 15 U.S.C. §°1692 ("FDCPA"), *see* doc. 1; *see also* doc. 1-2 at 10-13.  Defendant Rubin Lublin, LLC and Defendant Mr. Cooper filed Motions to Dismiss Plaintiff's Amended Pleading.  *See* docs. 7 & 9. Defendant Mr. Cooper also filed a Motion to Stay.  Doc. 10.  Plaintiff has not responded to any of the Motions.  *See generally* docket.

As Defendants correctly argue in their Motions to Dismiss, Fields may not litigate this suit *pro se* on behalf of a trust.  *See* doc. 9-1 at 5; doc. 8 at 4.  It is well established that a litigant may not appear *pro se* on behalf of any "artificial entity."  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993).  "A trust, like a corporation, 'is an artificial entity that can act only through agents,

---

[1]  Plaintiff's Amended Pleading inconsistently identifies the Defendant as "Mr. Cooper d/b/a Nationstar Mortgage LLC," doc. 1-2 at 1, and "Nationstar Mortgage LLC d/b/a Mr. Cooper," *id.* at 3.  The Notice of Removal identifies Defendant as "Nationstar Mortgage LLC d/b/a Mr. Cooper."  Doc. 1 at 1 n.1.  While Defendant has also indicated its name has changed to "Rocket Mortgage, LLC s/b/m Nationstar Mortgage LLC d/b/a Mr. Cooper," doc. 9 at 1 n.1, no party has sought to alter or change the party's name. *See generally* docket.  For purposes of this Order, the Court refers to Defendant as "Nationstar Mortgage LLC d/b/a Mr. Cooper," consistent with both Plaintiff's Amended Pleading, doc. 1-2 at 3, and the Notice of removal, doc. 1.

cannot appear pro se, and must be represented by counsel.'" *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). As the United States District Court for the Eastern District of North Carolina recently observed, "[e]very court of appeals to have addressed this issue has applied this rule specifically to bar a trustee from appearing pro se, notwithstanding the standing of a trustee to sue on behalf of a trust." *Hargrove, Branden D, Tr. For Hargrove Empire Irrevocable Tr. v. State Farm Mut. Auto. Ins. Co.*, 2025 WL 2156830, at *1 (E.D.N.C. July 29, 2025) (collecting cases).

Because Plaintiff, proceeding *pro se*, cannot pursue this action in his capacity as trustee, the claims should be dismissed without prejudice. *See Hesed-El v. Aldrige Pite, LLP*, 2019 WL 1244724, at *2 (S.D. Ga. Mar. 18, 2019). Therefore, Defendants' Motions to Dismiss should be **GRANTED, in part**. Doc. 7, in part, & doc. 9, in part. Plaintiff's Amended Pleading should be **DISMISSED without prejudice**. Doc. 1-2. The remainder of Defendants' arguments should be **DISMISSED, in part,** as moot. Doc 7, in part, & doc. 9, in part.

3

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22nd day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4